## Case No. 10,846.

### The PAUL BOGGS.

[1 Spr. 369.] [1]

District Court, D. Massachusetts.   Aug., 1857.

MARITIME LIENS—DELAY IN BRINGING SUIT—EFFECT OF SUIT IN PERSONAM IN STATE COURT.

1. The lien of a material-man is not lost by commencing a suit in personam, in the state court, and attaching the vessel therein.

[Cited in The Highlander, Case No. 6,476; The Custer, 10 Wall. (77 U. S.) 218; The Augustine Kobbe, 37 Fed. 701.]

2. Nor by delay in commencing a suit in rem, if the ownership of the vessel remains unchanged, or if there be only a colorable transfer.

[Cited in The Helen M. Pierce, Case No. 6,-332.]

3. But as against bona fide purchasers, for a valuable consideration, there must be reasonable diligence in enforcing the lien.

This was a libel in rem, promoted by James W. Elwell et als., ship-brokers, in New York, to recover money paid for supplies furnished by them in 1855, to the bark Paul Boggs [J. H. Rivers and others claimants], belonging to Maine. At the time of the commencement of the suit, which was on the 13th of July, 1857, the original owner of the bark was dead, and the present claimants came in as purchasers, by a bill of sale, made in June, 1857, from the administratrix. The libellants commenced a suit, in the state court, against the administratrix, and attached the vessel, which was discontinued before the filing of this libel.

Benjamin Dean, for libellants.

H. W. Paine and Levi Gray, for claimants.

SPRAGUE, District Judge. There can be no doubt that the debt, on which this libel was brought, constituted a lien on the vessel, which would have adhered to it, as against the original owners. But it is urged by the claimant, that the creditors, by commencing an action on the same claim, against the administratrix, in the state court, and attaching the vessel by mesne process therein, waived the lien. This is the first question to be decided.

Judge Story, in the case of The Chusan [Case No. 2,717], states the law to be, that on a claim like the present, there are three distinct remedies, which may be pursued, viz., against the owner, against the master, and against the vessel. And the general rule is, that the pursuing of any one of the remedies by a creditor, does not impair his right to resort to the others, until his claim be satisfied. If any property, other than this vessel, had been attached, in the suit in personam, there would have been no pretense for saying that it had dissolved this lien. It is evident, there was no intention of waiver on the part of these creditors. On the contrary, their intention was to avail themselves of all their remedies, if it should become necessary. They endeavored to obtain satisfaction by suit in the state court; but finding that remedy fruitless, they have very properly promoted this libel to enforce their lien.

The counsel for the claimants cited the case of Legg v. Willard, 17 Pick. 140, where it was held that the common law lien of a mechanic was discharged, by his procuring an attachment of the property on mesne process. But that lien depended upon possession. When the creditor caused the property to be attached, he delivered it to the officer, and thereby relinquished his possession, and all the rights depending thereon. It went into the custody of the sheriff, and he held it, not as an agent of the creditor, but as an officer of the law, equally responsible to all parties. But admiralty liens do not depend on possession, and the case cited has no application to them.

But it is insisted, as a second ground of defence, that although a lien may have continued as against the original owner, yet it cannot be enforced against the claimants;

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

because they are bonâ fide purchasers, for a valuable consideration. There is no doubt, that as against such purchasers, the lien must be enforced with reasonable diligence. The supplies in the present case were furnished at New York, in December, 1855, and these claimants became purchasers in June, 1857. This vessel was, during that time, pursuing the coasting trade, and was within the knowledge and reach of the libellants, who might have instituted proceedings against her, at various times and places, if they had seen fit. Having neglected so to do, they could not maintain this suit, if the claimants were in reality what they pretend to be, bonâ fide purchasers, for a valuable consideration. But the evidence shows satisfactorily, that their purchase was colorable merely, and designed to defeat the libellants' claim; that they paid no consideration, and will lose nothing by the vessel's being taken from them and appropriated to the payment of this claim.

Decree for the libellants.

See The Harriet [Case No. 6,098]; The Monsoon [Id. 9,716]; The Chusan [Id. 2,716]; The Eliza Jane [Id. 4,363]; The Antarctic [Id. 479]; The Highlander [Id. 6,476].